UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | |
|---|---|
| **AMAR GUEYE,**<br><br>**Plaintiff,**<br><br>V.<br><br>**JEREMY RICHARDS,** *et al.,*<br><br>**Defendants.** | **CIVIL ACTION NO. 15-178-DLB**<br><br><br><br><u>**MEMORANDUM OPINIOIN**</u><br><u>**AND  ORDER**</u> |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

## INTRODUCTION

Plaintiff Amar Gueye has filed a *pro se* civil rights complaint in which he asserts claims under 42 U.S.C. § 1983 against various Kentucky and Ohio state court officials, correctional officers, and court systems in both states.[1] [R. 2] Gueye's claims stem from a domestic relations proceeding pending in Hamilton County, Ohio, and from a pending criminal proceeding in the Boone County, Kentucky District Court, in which he is the defendant. By separate Order, the Court has granted Gueye pauper status in this

---

[1] The named defendants are: (1) Jeremy Richards, Magistrate Judge, Hamilton County, Ohio, Court of Common Pleas, Division of Domestic Relations; (2) John Sieve, Senior Judge, Hamilton County, Ohio, Court of Common Pleas, Division of Domestic Relations; (3) the Hamilton County, Ohio, Court of Common Pleas, Division of Domestic Relations; (4) Officer "Heiney," Boone County Sheriff's Office; (5) the Boone County Sheriff's Department; (6) Deputy Bolton, Boone County Sheriff's Department; (7) the Boone County Jail; (8) Andrew Boyer, Boone County Prosecutor; (9) the Boone County Prosecutor's Office; (10) the Boone County District Court; (11) Charles Moore, Judge, Boone County District Court; and (12) Jeffrey Smith, Judge, Boone County District Court.

  As Gueye has incorrectly identified the Boone County Jail as the "Boone County Correctional Facility," the Clerk of the Court will be instructed to list the name of that defendant as the "the Boone County Jail." Further, the Court takes judicial notice of the fact that the name of Defendant "Judge Moore" of the Boone County District Court is "Charles Moore," and that the name of Defendant "Judge Smith," of the Boone County District Court, is "Jeffrey Smith." The Clerk of the Court will also be instructed to make those name changes on the CM/ECF cover sheet.

proceeding.

The Court conducts a preliminary review of Gueye's § 1983 complaint because he asserts claims against government officials, and because he has been granted *in forma pauperis* status in this action. 28 U.S.C. §§ 1915(e)(2); 1915A.  In such cases, a district court must dismiss any action which (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *Id.*

Because Gueye is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  However, even reviewing Gueye's § 1983 claims under this liberal pleading standard, the Court will dismiss all claims against all of the named defendants.

## ALLEGATIONS OF THE § 1983 COMPLAINT

Based on the allegations set forth in Gueye's complaint and publically available information obtained from the Office of the Boone County District Court, the Court has constructed the following time-line of events relevant to this § 1983 action.

Gueye alleges that he filed a police report charging his former girlfriend[2] with destroying his property, and that in response, she apparently obtained an Emergency Protective Order/Domestic Violence Order ("EPO/DVO") against him in the Hamilton County, Ohio, Court of Common Pleas, Domestic Relations Division ("the Ohio Domestic Relations Proceeding"). [R. 2, pp. 2-3]  Gueye alleges that Defendant Jeremy Richards, whom he identifies as a Magistrate Judge for the Hamilton County Court of

---

[2] Gueye does not identify this woman by name; he merely describes her as his "mentally unstable" and/or his "mentally ill Ex-Girl-Friend." [R. 2, p. 2; p. 4]

2

Common Pleas, Domestic Relations Division, proposed a "voluntary mutual agreement," pursuant to which Gueye and his former girlfriend would stay away from each other. Gueye states that he signed the "voluntary mutual agreement" but that his former girlfriend continued to call him on numerous occasions. [*Id.*, p. 3]

Gueye contends that Magistrate Judge Jeremy Richards "…is attempting to use bias and prejudice methods to incriminate Plaintiff who has been contacted on a weekly basis by his mentally unstable Ex-Girl-Friend." [*Id.*]  Gueye alleges that he filed a motion in the Ohio Domestic Relations Proceeding asking Magistrate Judge Jeremy Richard to recuse himself; that Richards refused to do so.  Gueye further alleges that Senior Judge John Sieve "… supported all the misconducts, deliberate legal errors and denied Plaintiff [sic] motion to terminate the agreement he previously signed…." [*Id.*, p. 4] Unhappy with Judge Seive's response, Gueye alleges that he filed a request with the United States Department of Justice, asking that it investigate both Richards and Seive.

On September 17, 2015, Gueye was charged in the Boone District Court (in Boone County, Kentucky) with violating a foreign EPO/DVO, a misdemeanor offense. *Commonwealth of Kentucky vs. Amar C. Gueye*, No. 15-M-01985 (Judge Jeffrey Smith, presiding) ("the Kentucky Criminal Case").  It appears that Gueye was arrested on that date and placed in the Boone County Jail located in Burlington, Kentucky, but that he was released the next day upon posting bond.  It is unclear if Gueye has counsel in the Kentucky Criminal Case, but the docket sheet of that case reflects that a jury trial before Judge Jeffrey Smith is scheduled for December 16, 2015.[3]

---

[3] The docket sheet reveals that a "Motion to Dismiss" was filed on September 24, 2015, and that some activity transpired on October 8, 2015, during the Boone District Court's motion hour.  Gueye alleges that he filed the Motion to Dismiss in that case (indicating that is proceeding *pro se* in the Kentucky criminal

3

In his § 1983 complaint, Gueye alleges that the EPO/DVO issued in the Ohio Domestic Relations Proceeding was without basis or justification, and that based on the allegations of a "mentally unstable woman," he was wrongfully charged in the Kentucky Criminal Case with violating the terms of the EPO/DVO.[4] [*Id.*, p. 4] Gueye claims that he has neither committed an act of domestic violence nor violated an EPO/DVO, and that he has been maliciously prosecuted and falsely imprisoned. Gueye contends that he has been subjected to "cruel treatment" and "cruel and unusual punishment;" that he has been retaliated against based upon his "past legal actions;" that he is being denied information to which he is entitled under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and that the defendants have violated his rights guaranteed under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution. [*Id.*, pp. 4-5]

Gueye states that he filed this § 1983 action to obtain a remedy for the alleged judicial errors committed in both the Ohio Domestic Relations Proceeding and in the Kentucky Criminal Case, alleging that he is "...entitled to an opportunity to show that his State arrest and incarceration were illegal and invalid." [*Id.*, pp. 1-2] Gueye also contends that this Court can order relief under the All Writs Act, 28 U.S.C. § 1651. [*Id.*, p. 1].

---

case), but states that he has not received a response to this motion. [R. 2, p. 3]

[4] Gueye alleges that in both proceedings, the prosecutors:

> steadfastly attempt to use the misrepresentation of a mentally [sic] woman to wrongfully arrest and incarcerate an innocent black Muslim, charge him with an excessive bond, denied him Due process, a fair and speedy dismissal of the wrongful charges and the harm to cause Plaintiff the unnecessary delay to complete his J.D. Program and to make a living.

[R. 2, p. 2]

4

Gueye further alleges that his confinement in the Boone County Jail caused him to suffer humiliation and the loss of his job; that he was placed in a dirty cell with a broken sink and was unable to practice his Muslim religion; that he was denied the right to contact his attorney; that Deputy Bolton of the Boone County Jail "wantonly stole" his cell phone charger after "illegally searching Plaintiff's bag;" and that he was subjected to the "vicious denial of treatment by the nurses of the Boone County Correction Facility." [*Id.*, p. 4]

Gueye seeks various forms of relief. He requests an order which: (1) directs the release of all records between Magistrate Judge Jeremy Richards and Gueye's former girlfriend in the Ohio Domestic Relations Proceeding, as well as all records "of his argument" in both the Ohio Domestic Relations Proceeding and the Kentucky Criminal Case pursuant to the FOIA; (2) expunges his criminal record; (3) awards him $5 million in damages, including the cost of "commuting interstate…to conduct his hearings;" (4) rescinds all video pre-trial hearings in the Boone District Court "unless a defendant consents to such an electronic communication with a Boone County District Judge;" (5) allows all pretrial detainees to speak to an attorney "at least once a day and free of charge;" and (6) requires "Kentucky Law Enforcers" to obtain a warrant from an official in the state where an EPO/DVO was issued before arresting anyone for violating an EPO/DVO. [*Id.*, p. 5]

## DISCUSSION

1. **Claims Against Magistrate Judge Jeremy Richards; Senior Judge John Sieve; and the Hamilton County Court of Common Pleas, Division of Domestic Relations ("the Ohio Defendants")**

Gueye asserts claims against the Ohio Defendants in connection with events that

allegedly transpired during the Ohio Domestic Relations Proceeding, but his claims are defective because this Court lacks personal jurisdiction over the Ohio Defendants. A plaintiff must plead facts establishing personal jurisdiction over the defendants he names, and the plaintiff has the burden of making at least a *prima facie* showing of personal jurisdiction. *See Kerry Steel, Inc. v. Paragon Indus., Inc.,* 106 F.3d 147, 149 (6th Cir. 1997). "Without personal jurisdiction over an individual . . . a court lacks all jurisdiction to adjudicate that party's right, whether or not the court has valid subject matter jurisdiction." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). A defendant must have purposefully established minimum contacts within the forum State before personal jurisdiction will be found to be reasonable and fair. *International Shoe Co. v. Washington*, 326 U.S. 310, 316-19 (1945); *see also Halderman v. Sanderson Forklifts Co.*, 818 S.W.2d 270, 274 (Ky. App. 1991).

To establish minimum contacts, a plaintiff must establish that the defendant should reasonably anticipate being brought into court in the forum State because he purposefully availed himself of the privilege of conducting activities there. *Id.*; *see also Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 380 (6th Cir. 1968). Put another way, "the relevant inquiry is whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice.'" *Theunissen v. Matthews*, 935 F.2d 1454, 1459-50 (6th Cir. 1991) (citations omitted).

Gueye has not established personal jurisdiction over any of the Ohio Defendants. Jeremy Richards and John Sieve presumably reside and work in Hamilton County,

Ohio, and the claims against them arose out of conduct occurring in an Ohio state court, (specifically, the Hamilton County Court of Common Pleas, Division of Domestic Relations), *not* from activities in Kentucky. To the extent that Gueye asserts claims against "the Hamilton County Court of Common Pleas, Division of Domestic Relations," he clearly has named an entity that is located in Ohio, not Kentucky. *Hasan v. Waxxis Inv. N.V.*, 865 F.2d 258, 1988 WL 134513, at *1 (6th Cir. 1988) ("[T]he plaintiff in a civil action has the duty to state the grounds upon which the jurisdiction of the court depends."); Fed. R. Civ. P. 8(a)(1); *Walls v. Waste Resource Corp.*, 761 F.2d 311, 317 (6th Cir. 1985).

Finally, to the extent that Gueye challenges the legality and/or the validity of the EPO/DVO entered in the Ohio Domestic Relations Proceeding, he is free to pursue such challenges within the Ohio court system, through an appeal or other authorized mechanism, but he cannot collaterally challenge an Ohio court order by filing a § 1983 civil rights action in federal court in Kentucky. Accordingly Gueye's claims against Magistrate Judge Jeremy Richards, Senior Judge John Sieve, and the Hamilton County Court of Common Pleas, Division of Domestic Relations, will be dismissed for lack of personal jurisdiction.

> **2. Claims Against Andrew Boyer, Boone County Prosecutor; the Boone County Prosecutor's Office; the Boone County District Court; Charles Moore, Judge, Boone County District Court; and Jeffrey Smith, Judge, Boone County District Court ("the Kentucky Defendants")**

In his § 1983 complaint, Gueye challenges numerous aspects of the Kentucky Criminal Case, which, as noted, is pending in the Boone District Court. Gueye's allegations against Defendants Andrew Boyer (Boone County Attorney/prosecutor),

7

Charles Moore (Judge), and Jeffrey Smith (Judge) are devoid of any specific facts which identify or describe the unconstitutional actions allegedly taken by any of these defendants. Gueye appears to have named these defendants only because they have been, or may be in the future, involved in some official capacity in his criminal prosecution. Gueye alleges no facts that support his broad allegations that they violated any of his federal constitutional rights. Gueye instead generally alleges that he was wrongfully charged in Kentucky with violating an Ohio EPO/DVO, which he also alleges was issued without justification by the Magistrate Judge in Hamilton County Court of Common Pleas, Domestic Relations Division.

For a case to survive a screening under § 1915, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). As the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). In his § 1983 complaint, Gueye alleges in vague and conclusory language that he is innocent of any criminal charge, and that he has been denied due process in the Kentucky Criminal Case, but he alleges no specific facts to support his claim that Boyer, Moore, or Smith, violated his rights guaranteed under the Fifth and Fourteenth Amendments of the U.S. Constitution.[5] In short, Gueye offers nothing but labels and conclusions, which are insufficient to

---

[5] The Fourteenth Amendment's guarantee of due process applies to persons acting under color of state law, whereas the Fifth Amendment's guarantee of due process applies to persons acting under color of federal law. As the defendants in this proceeding are alleged to be state actors, Gueye's claims alleging the denial of due process fall under the Fourteenth Amendment of the U.S. Constitution.

support his claims under § 1983.

Further, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), precludes consideration of Gueye's § 1983 claims against the Kentucky Defendants. Under the *Younger doctrine*, a federal court must decline to interfere with pending state proceedings that involve important state interests unless extraordinary circumstances are present. *Younger*, 401 U.S. at 44-45. "Younger abstention applies when the state proceeding (1) is currently pending, (2) involves an important state interest, and (3) affords the plaintiff an adequate opportunity to raise constitutional claims." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Each of the three factors that support abstention under *Younger* are present here. First, the Kentucky Criminal Case is currently pending in a Kentucky state court. Second, the Kentucky Criminal Case implicates an important state interest--a criminal prosecution--an area in which federal courts traditionally decline to interfere. *See Younger*, 401 U.S. at 43–45; *Leveye v. Metropolitan Public Defender's Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (holding that state court criminal proceedings traditionally implicate an important state interest) (citing *Younger*, 401 U.S. at 43–45). Third, no evidence exists that the Kentucky Criminal Case cannot provide an opportunity for Gueye to raise his various constitutional claims challenging his prosecution.

*Younger* abstention is not a question of jurisdiction, but is rather based on "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626, 106 S. Ct. 2718, 91 L.Ed.2d 512

(1986). That analysis clearly applies in this case: if this Court were to entertain Gueye's § 1983 claims seeking both damages from the Kentucky Defendants and various forms of injunctive relief, it would be impermissibly interfering with the Kentucky Criminal Case, which is currently pending in the Boone District Court. This Court declines to take such action and effectively interfere with a criminal prosecution pending in a Kentucky state court. *See Carroll*, 139 F.3d at 1074-75 ("When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case."); *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006); *see also Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006); *Sun Refining & Mktg. Co. v. Brennan*, 921 F.2d 635, 68-42 (6th Cir. 1990). Abstention is thus appropriate in this case with respect to Gueye's Fourteenth Amendment claims seeking both money damages and injunctive relief. *See Carroll*, 139 F.3d at 1075 (holding that *Younger* abstention may be applied where the plaintiff seeks both declaratory relief and damages). A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance. *Coles*, 448 F.3d at 866 (citing *Carroll*, 139 F.3d at 1075).

In conformity with the decision to abstain, this Court will not interfere with the procedural or discovery processes in the Kentucky Criminal Case. If Gueye wishes to obtain specific documents related to the Ohio Domestic Relations Proceeding, he is free to file the appropriate motion in that Ohio proceeding. To the extent that Gueye claims that certain documents in the Ohio case relate to his criminal prosecution in Kentucky, he is free to file a motion requesting discovery material from the prosecutor/County

Attorney in the Kentucky Criminal Case. The same applies with respect to Gueye's complaint about the legality of video-court appearances in the Kentucky Criminal Case; he is free to challenge that procedure or practice in the Kentucky Criminal Case. This Court will not inject itself into either the procedural or discovery processes used by a state court in a criminal proceeding.

For these reasons, the Court will dismiss Gueye's § 1983 claims against Andrew Boyer, Boone County Prosecutor; the Boone County Prosecutor's Office; the Boone County District Court; Charles Moore, Judge, Boone County District Court; and Jeffrey Smith, Judge, Boone County District Court; *without* prejudice.

### 3. Claims Against the Boone County Sheriff's Office and the Boone County Sheriff's Officer "Heiney"

Gueye identifies one of the defendants as "Boone County Sheriff's Officer 'Heiney' or whatever his name is." [R. 2, p. 1] It is not surprising that a *pro se* plaintiff may not know the precise name of a law enforcement officer intended to be a defendant in a civil rights action, but it is surprising that the complaint--even a *pro se* complaint--contains no information or allegations which describe the alleged unconstitutional conduct allegedly taken by that law enforcement officer. In his complaint, Gueye alleges no facts whatsoever that either mention or even implicate a Boone County Sheriff's Officer by the name of "Heiney." In fact, Gueye alleges no facts whatsoever involving *any* officer or other official employed by the Boone County Sheriff's Office.

Because Gueye has named Officer "Heiney" and the Boone County Sheriff's Office as defendants but has alleged no facts pertaining to either of these defendants, the Court must speculate as to the factual basis of Gueye's claims against both Officer

"Heiney" and the Boone County Sheriff's Office. A district court should not, however, be required to guess or speculate about the basis of a plaintiff's civil rights claim.

Rule 8(a) of the Federal Rules of Civil Procedure states that a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Admittedly, *pro se* pleadings must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but as previously explained, to state a claim sufficient to survive screening, a plaintiff must allege facts which are sufficient to give a defendant fair notice of the claim. *Twombly*, 550 U.S. at 555, n. 3; *Iqbal*, 556 U.S. 662 at 678 (a court need not accept threadbare recitals of the elements of a cause of action supported by conclusory statements); *Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir. 2008) (holding that conclusory allegations of unconstitutional conduct without specific factual allegations failed to state a claim). Gueye's claims against these defendants are completely devoid of content and do not meet that minimal threshold.

Further, the Boone County Sheriff's Office is not a legal entity amenable to being sued under 42 U.S.C. § 1983. The Boone County Sheriff's Office is not a municipality or independent legal entity; rather, it is merely an adjunct or department of Boone County, Kentucky, or the Boone County Fiscal Court. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (police departments are not legal entities which may be sued); *Obert v. The Pyramid*, 381 F. Supp.2d 723, 729 (W.D. Tenn. 2005) (police department is not a legally-existing entity); *see also De La Garza v. Kandiyohi County Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (neither a county jail nor a sheriff's department is a suable entity); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[s]heriff's

departments are not usually considered legal entities subject to suit"). Therefore, the Boone County Sheriff's Office is not amenable to being sued for § 1983 purposes.

Because Gueye's § 1983 claim(s) against Officer "Heiney" and the Boone County Sheriff's Office are patently deficient, they will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 4. Claims Against the Boone County Jail and Boone County Deputy Jailer "Bolton"

Gueye alleges that Boone County Jailer "Bolton" stole his phone charger after "illegally searching Plaintiff's drive that carried his Flash Drive with all his intellectual Properties…." [R. 2, p. 4] To the extent that Gueye alleges that Bolton stole his personal property, Gueye is free to pursue a civil claim in state court based on conversion, but his claim does not pass muster as a § 1983 claim alleging the denial of his federal constitutional rights, including his right to due process of law.

A plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property or the intentional but unauthorized, deprivation of property, unless state court remedies are inadequate to redress the wrong. *See Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986) (negligent deprivation of personal property); *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (intentional deprivation of personal property); *Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315-16 (6th Cir. 2001) (finding that the prisoner failed to allege a due process claim based on the alleged theft of his personal property where he did not demonstrate that his state court remedies were inadequate). To assert such a

claim, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999).  Here, Gueye has failed to allege that available state remedies (filing a claim with the Board of Claims or filing a common law action for conversion) were inadequate to redress his property deprivation.  In the absence of such allegations from Gueye, the Court declines to reach that conclusion.

Next, Gueye asserts a series of claims challenging what appear to be his one day and/or one-night confinement in the Boone County Jail.  Gueye alleges in cursory fashion that he was denied his right to practice his Muslim religion; that the nurses "viciously" denied him medical treatment; and that he was placed in a dirty cell with a broken sink. [R. 2, p. 4]   However, Gueye's Eighth and/or Fourteenth Amendment claims challenging the conditions of his confinement suffer from several fatal defects.

First, as to his claims alleging the denial of his right to exercise his religious beliefs and the denial of nursing services, Gueye did not allege any facts in support of these general and conclusory allegations, nor did he identify which officials at the Boone County Jail allegedly engaged in these unconstitutional actions. Instead, he broadly stated, in conclusory fashion, that his federal rights were violated.  Again, to state a claim sufficient to survive screening, a plaintiff must allege facts which are sufficient to give a defendant fair notice of the claim. *Twombly*, 550 U.S. at 555, n. 3; *Iqbal*, 556 U.S. 662 at 678.  Gueye has not alleged sufficient facts to maintain either an Eighth or Fourteenth Amendment claim challenging the conditions of his confinement in the Boone County Jail.

Second, to the extent that Gueye complains about his less than desirable conditions at the Boone County Jail, he states no claim that would warrant either injunctive relief or the award of damages. Prisons and jails are not required to provide, nor can prisoners reasonably expect to receive, "the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). "A broad range of choices that might infringe constitutional rights in a free society fall within the expected conditions of confinement of those who have suffered a lawful conviction." *McKune v. Lile*, 536 U.S. 24, 36 (2002); *see also McNatt v. Unit Manager Parker*, No. 3:99-CV-1397, 2000 WL 307000, at *4 (D. Conn. Jan. 18, 2000) (holding that no Eighth Amendment violation occurred when inmates endured stained, smelly mattresses, unclean cells, no bedding for six days, no cleaning supplies for six days, no toilet paper for one day, no toiletries or clothing for six days, no shower shoes, water that did not function properly, and smaller food portions).

Further, Gueye does not allege that his exposure to these alleged unpleasant conditions was extensive or prolonged. Given the very limited amount of time that Gueye was exposed to the conditions alleged in his complaint, he has failed to state a claim which would entitle him to relief under § 1983. Prisoner complaints alleging only temporary inconveniences typically do not establish that the alleged conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Dellis v. Corr. Corps. of Am.*, 257 F.3d 508, 511 (6th Cir.2001) (Eighth Amendment claim not stated when prisoner deprived of lower bunk, subjected to flooded cell, and deprived of working toilet because prisoner alleged only temporary

15

inconveniences and did not demonstrate that conditions fell beneath minimal civilized measure of life's necessities); *Brodak v. Nichols*, 162 F.3d 1161, 1998 WL 553032, *1 (6th Cir. Aug.17, 1998) (inmate who allegedly slept on the floor and was exposed to overcrowded conditions for 45 days was not deprived of the minimum civilized measure of life's necessities); *Myrick v. Buchanan*, 929 F.2d 701, 1991 WL 43926, *1 (6th Cir. Apr.11, 1991) (inmate's alleged exposure to various unconstitutional jail conditions for 18 days, while unpleasant, did not amount to cruel and unusual punishment).

Finally, in order to state a claim under § 1983, the plaintiff must show that the alleged violation was committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006). However, because a detention center (or a jail) is not a municipality, but rather a building wherein prisoners are held, it is not a "person" amenable to suit under § 1983. *Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 355–56 (6th Cir. 2006) (collecting cases from other circuits); *Johnson v. Blackwelder*, No. 4:08-CV-91, 2009 WL 1392596 * 4 (E.D. Tenn., May 15, 2009); *Baker v. Hamblen County Jail Staff*, No. 2:09-CV-135, 2009 WL 2588698, at *2 (E.D. Tenn. Aug.19, 2009) (holding that prisoner failed to state a claim for relief under § 1983 against jail staff because the "jail staff" was not a person subject to suit within the terms of § 1983); *Coffey v. Miami County Jail*, No. 3:05-CV-383, 2007 WL 316262 * 2 (S.D. Ohio, Jan. 29, 2007). Accordingly, "the Boone County Jail" is not a "person" under § 1983, and Gueye's claims against it fail as a matter of law.

Gueye's constitutional claims against the Boone County Jail and Boone County Deputy Jailer "Bolton" will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 5. Claims Asserted under FOIA

Gueye also asserts claims under FOIA (5 U.S.C. § 552 *et seq.*) broadly alleging that he is entitled to injunctive relief and to documents concerning "law enforcement investigations or prosecutions." [R. 2, pp. 2-3]. Gueye's invocation of the FOIA is misplaced, however, because that statutory scheme imposes disclosure obligations only on federal agencies. FOIA "obligates *agencies of the United States government* to make their records 'promptly available to any person,' save those records specifically exempt from disclosure." *See* 5 U.S.C. § 552(a)(3)." *Ehret v. U.S. Dept. of Defense*, No. 1:14-CV-725, 2015 WL 3867765, at *4 (W. D. Mich. June 23, 2015) (emphasis added). In other words, FOIA authorizes suits against federal agencies, **not** against individuals. *Comer v. Internal Revenue Service*, 831 F.2d 294, 1987 WL 38730, at *1 (6th Cir. Oct. 19, 1987); *see also Rimmer v. Holder*, 700 F.3d 246, 255 (6th Cir. 2012) ("FOIA begins with the baseline rule that *federal agencies* must respond promptly to requests for records that contain a reasonable description of those records and are made in accordance with published rules and procedures. 5 U.S.C. § 552(a)(3).") (emphasis added).[6]

Here, Gueye does not name any federal agency as a defendant to this action, nor does he allege facts involving the actions (or inactions) of any federal agency, so he fails to state a claim upon which relief can be granted. Gueye's FOIA claims will therefore be dismissed with prejudice for failure to state a claim upon which relief can

---

[6] Further, any claim that is properly asserted against a federal agency under FOIA must be first be administratively exhausted. *Lamb v. Internal Revenue Service*, 871 F. Supp. 301, 303 (E. D. Mich. 1994); *Ehret*, 2015 WL 3867765, at *5 ("The Freedom of Information Act "requires that an individual exhaust all administrative remedies before filing a judicial action." *Fields v. Internal Revenue Service*, 2013 WL 3353921 at *3 (E.D. Mich., July 3, 2013).")

be granted.

### 6. Request for a Writ of *Coram Nobis*

Gueye alleges that he is entitled to a writ of *coram nobis*. [R. 2, p. 1] However, Gueye asserts no facts whatsoever in support that broad assertion. The writ of error *coram nobis* is used to vacate a federal sentence or conviction when a motion under 28 U.S.C. § 2255 is unavailable--generally, when the petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief. A federal court's power to issue a *coram nobis* writ comes from the All Writs Act, 28 U.S.C. § 1651. *Blanton v. United States*, 94. F.3d 227, 231 (6th Cir. 1996); *United States v. Morgan*, 346 U.S. 502, 506, 74 (1954) ("Since this motion in the nature of the ancient writ of *coram nobis* is not specifically authorized by any statute enacted by Congress, the power to grant such relief, if it exists, must come from the all-writs section of the Judicial Code"). Gueye does not allege either that he has been convicted of a federal offense or that he is serving a federal sentence. Therefore, Gueye's reliance on 28 U.S.C. § 1651 is misplaced and he asserts no grounds entitling him to relief under that federal statute.

## CONCLUSION

Accordingly, the Court being duly advised, **IT IS ORDERED** as follows:

1. The Clerk of the Court shall **AMEND** the CM/ECF cover sheet to reflect that Defendant "Boone County Correctional Facility," is the "Boone County Jail;" that the name of Defendant "Judge Moore" is "Charles Moore, Judge, Boone District Court;" and that the name of Defendant "Judge Smith" is "Jeffrey Smith, Judge, Boone District Court."

2. The 42 U.S.C. § 1983 claims asserted by Plaintiff Amar Gueye against Magistrate Judge Jeremy Richards, Senior Judge John Sieve, and the Hamilton County Court of Common Pleas, Division of Domestic Relations, are **DISMISSED WITH PREJUDICE**.

3. The 42 U.S.C. § 1983 claims asserted by Gueye against Defendants Andrew Boyer, Boone County Prosecutor; the Boone County Prosecutor's Office; the Boone County District Court; Charles Moore, Judge, Boone County District Court; and Judge Jeffrey Smith, Boone County Attorney, are **DISMISSED WITHOUT PREJUDICE**.

4. The 42 U.S.C. § 1983 claims asserted by Gueye against the Boone County Sheriff's Office and the Boone County Sheriff's Officer "Heiney or whatever his name is" are **DISMISSED WITH PREJUDICE**.

5. Gueye's claims under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.,* **DISMISSED WITH PREJUDICE**.

6. Gueye's claims under 28 U.S.C. § 1651 are **DISMISSED WITH PREJUDICE.**

7. The Court will enter an appropriate Judgment.

8. This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 21st day of October, 2015.



Signed By:
David L. Bunning
United States District Judge